**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LONDON MURRAY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **Civil No. 23-199** |
| | ) |
| **THE FEDERAL RESERVE SYSTEM,** | ) |
| **E PLURIBUS UNUM-THE UNITED** | ) |
| **STATES OF AMERICA, and the U.S.** | ) |
| **DEPARTMENT OF DEFENSE** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION and ORDER

Plaintiff London Murray commenced this proceeding on February 8, 2023, by filing a motion to proceed *in forma pauperis*. The named Defendants are the Federal Reserve System, E Pluribus UNUM-The United States of America, and the U.S. Department of Defense. ECF No.1. For the reasons explained below, the Motion for *in forma pauperis* status will be granted and this action will be dismissed with prejudice.

I.     **Plaintiff's Filed Documents and Allegations**

Plaintiff attached five exhibits to the motion to proceed *in forma pauperis*, one of which is designated as the "complaint." None of these exhibits, alone or together, constitute a valid complaint stating a plausible claim for relief. Plaintiff's exhibits consist of the following:

1.   a "breakdown of federal laws," as related to the "M3 tribal organization";

2.   a "UCC Approval Sheet";

3.   a proposed "Annual Funding Agreement";

4.   an "Affidavit of Truth," signed by London Murray; and

5.   the "Bylaws of the M3 Trust."

ECF No. 1-1 to 1-5.  At best, the proposed "Annual Funding Agreement" purports to request millions of dollars in damages, to be provided to the M3 Tribal Organization, but specifically designated to London Murray and thirty other named individuals.  Plaintiff also requests that the recipients be provided access to the funds through the use of credit cards or checks.  ECF No. 1-3, at 1-2.  Plaintiff also demands that the titles to unidentified automobiles be delivered to five named individuals, none of which is Plaintiff.  ECF No. 1-3, at 3.  None of the other documents provide coherent allegations supporting any cause of action against the Defendants.

On February 21, 2023, just fifteen days after filing the motion to proceed *in forma pauperis*, Plaintiff filed a "Motion for Summary Judgment" asserting that summary judgment be granted in Plaintiff's favor for the reason that "Defendant is estopped for failure to respond to original administrative process."  ECF No. 2, at 2.  Plaintiff requests summary judgment by having the Court approve the Annual Funding Agreement.  Plaintiff specifically requests that the titles for the five automobiles and "charge cards and checks [] be delivered by FedEx by February 28, 2023."  ECF No. 2, at 2.   Plaintiff also demands the release of an inmate named Gerald Wilkins by March 1, 2023, as well as the reclassification of the nationality of the M3 Tribal Government Organization to Native Melenated Indians.  ECF No. 2, at 2.

Again, this document cannot be considered as a complaint stating a claim for relief.  Legally, Plaintiff's assertion that Defendant is estopped is baseless and, along with other deficiencies, is cause for denial of the motion.  Moreover, the purported Motion for Summary Judgment is properly denied as premature in that Plaintiff's Motion for *in forma pauperis* status has not been decided, a complaint has not been filed, and no Defendant has been served with a summons and the complaint.  Therefore, the Motion for Summary Judgment will be denied.

II.     **Discussion**

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis.  Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).  First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a).  Then, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B).

The Court finds Plaintiff to be without sufficient funds to pay the required filing fee.  Thus, Plaintiff will be granted leave to proceed *in forma pauperis*.

Turning to whether the complaint, or in this case, the attached exhibits are frivolous, the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  An example of the first is where a defendant enjoys immunity from suit.  Id.  An example of the second is a claim describing a factual scenario which is fantastic or delusional.  Id. at 328.  The Supreme Court has explained that the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  Neitzke, 490 U.S. at 325.  In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed.  28 U.S.C. § 1915(e)(2)(B)(ii).  Here, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted.

In reviewing pro se pleadings, the Court remains aware that "however inartfully pleaded," pro se plaintiffs must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982).  Accordingly, the Court considers all five above-mentioned exhibits as the "complaint," when determining whether a valid cause of action has been asserted.

A review of London Murray's "complaint" reveals that it fails to state a claim upon which relief can be granted.  The Court cannot discern a cause of action and to the extent that factual allegations are asserted, such are not logically related to a claim against any of the Defendants.  Some of the allegations and the requests for relief, appear to be, at the least, fanciful.  The Court concludes that the pleadings filed by Plaintiff are devoid of any sound basis to infer or assume that any of the named Defendants committed an actionable wrong against London Murray.  Plaintiff's pleadings do not specify the conduct, actions, or incidents on which any alleged claim against the Defendants or any other party is based.  Even considering the liberal pleading standard afforded to pro se litigants, the documents in this case fail to comply with Federal Rule of Civil Procedure Rule 8(a).  Rule 8 requires that a complaint  contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed.R.Civ.P. 8(a)(1), (2), and (3).  A complaint, or in this case a collection of documents, that contains no discernible facts or narrative explaining the events giving rise to the alleged causes of actions, and that fails to comply with Rule 8, is properly dismissed.  Roy v. Supreme Court of

4

<u>United States of America.</u>, 484 F.App'x 700, 700 (3d Cir.2012) (agreeing with District Court that the complaint was incomprehensible and failed to comply with Rule 8). The "complaint," in this action fails to comply with Rule 8 and fails to state a claim. Accordingly, the complaint, and this action, will be dismissed.

## III.    Leave to Amend

Finally, the Court must consider whether to grant leave to amend the complaint before dismissal. <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002). "[L]eave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." <u>Id.</u> Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.' " <u>M.U. v. Downingtown High Sch. E.</u>, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting <u>Great Western Mining & Mineral Co.</u>, 615 F.3d at 175).

Here, it would be futile to permit amendment. Plaintiff failed to state a cause of action in any document, choosing only to demand, what appears to be, frivolous relief. In addition, based on the documents on file, there is no cause of action that can successfully be alleged against Defendants in an amended pleading. Finally, amendment is not warranted because the Plaintiff's documents, to the extent that they can be read as part of a lawsuit against Defendants, contain patently faulty legal arguments with no apparent valid connection to a legitimate cause of action. <u>Id.</u>

As a final matter, the Court notes that the Plaintiff, London Murray, indicated that the present action should be designated to London Murray's now-closed lawsuit filed at Civil Action No. 21-1190. Civil Action 21-1190 concerned claims asserted against Capital One, N.A., under Equal Credit Reporting Act, the Truth in Lending Act, the Electronic Fund Transfer Act, the Fair Credit Reporting Act, and the Fair Debt Collection Practices Act. The Court concludes that the

present action is not related to Civil Action No. 21-1190.  The Clerk of Court will be directed to remove the designation that the instant action is related to Civil Action No. 21-1190.

Accordingly, the following order is hereby entered.

## **ORDER**

AND NOW, this 23rd day of February 2023, IT IS ORDERED that Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 1) is hereby GRANTED.  The Clerk is directed to file the document, ECF No. 1-1, Plaintiff designated as the "complaint."

IT IS FURTHER ORDERED, for the reasons set forth above, that Plaintiff's Complaint is dismissed for failure to state a claim.  Leave to amend is not granted as such would be futile.

Plaintiff's Motion for Summary Judgment (ECF No. 2) is DENIED.

Finally, it is ORDERED that the Clerk of Court is directed to remove the related case, Civil Action No. 21-1190, from this action, as this case is not related to that action.

The Clerk of the Court is to mark this case CLOSED.


      /s *Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge


cc:    LONDON MURRAY, pro se
       1311 LaBelle Street
       Pittsburgh, PA 15221