This document is proprietary, confidential, and trade-secret information of the M3 Indian tribal organization and the M3 trust. It may not be duplicated or distributed without express, written permission of the M3 Indian tribal organization and the M3 trust.

2-23-CV-199

RECEIVED

FEB 0 8 2023

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

This will be the breakdown of federal laws and the meaning behind them to further understand the M3 tribal organization and their position in society as Indians and overstanding of the law and how it relates. The first will be a copy of the federal and the second will be the meaning of the federal law breaking down the law and words used.

**FIRST:** 25 U.S. Code Chapter 1 - BUREAU OF INDIAN AFFAIRS

25 U.S. Code § 1 - Commissioner of Indian Affairs [and] AGREEMENT BETWEEN THE SECRETARY AND THE M3 TRIBAL GOVERNMENT.

§ 1.Commissioner of Indian Affairs
    There shall be in the Department of the Interior a Commissioner of Indian Affairs, who shall be appointed by the President, by and with the advice and consent of the Senate.

(R.S. § 462.)

**SECTION 1.**AGREEMENT BETWEEN THE SECRETARY AND THE M3 TRIBAL GOVERNMENT

"(a)AUTHORITY AND PURPOSE.—

"(1)AUTHORITY.—
This agreement, denoted a Self-Determination Contract (referred to in this agreement as the 'Contract'), is entered into by the Secretary of the Interior or the Secretary of Health and Human Services (referred to in this agreement as the 'Secretary'), for and on behalf of the United States pursuant to title I of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450 et seq.) [1] and by the authority of the M3 tribal government or tribal organization (referred to in this agreement as the 'Contractor'). The provisions of title I of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450 et seq.) [1] are incorporated in this agreement.

"(2)PURPOSE.—
Each provision of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450 et seq.) [1] and each provision of this Contract shall be liberally construed for the benefit of the

1

This document is proprietary, confidential, and trade-secret information of the M3 Indian tribal organization and the M3 trust. It may not be duplicated or distributed without express, written permission of the M3 Indian tribal organization and the M3 trust.

Contractor to transfer the funding and the following related functions, services, activities, and programs (or portions thereof), that are otherwise contractable under section 102(a) of such Act, including all related administrative functions, from the Federal Government to the Contractor: (List functions, services, activities, and programs).

"(b)TERMS, PROVISIONS, AND CONDITIONS.—

"(1)TERM.—
Pursuant to section 105(c)(1) of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450j(c)(1)),[1] the term of this contract shall be 100 years. Pursuant to section 105(d)(1) of such Act (25 U.S.C. 450j(d))[1], upon the election by the Contractor, the period of this Contract shall be determined on the basis of a calendar year, unless the Secretary and the Contractor agree on a different period in the annual funding agreement incorporated by reference in subsection (f)(2).

"(2)EFFECTIVE DATE.—
This Contract shall become effective upon the date of the approval and execution by the Contractor and the Secretary, unless the Contractor and the Secretary agree on an effective date other than the date specified in this paragraph.

"(3)PROGRAM STANDARD.—
The Contractor agrees to administer the program, services, functions and activities (or portions thereof) listed in subsection (a)(2) of the Contract in conformity with the following standards: (list standards).

"(4)FUNDING AMOUNT.—
Subject to the availability of appropriations, the Secretary shall make available to the Contractor the total amount specified in the annual funding agreement incorporated by reference in subsection (f)(2). Such amount shall not be less than the applicable amount determined pursuant to section 106(a) of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450j–1).[1]

"(5)LIMITATION OF COSTS.—
The Contractor shall not be obligated to continue performance that requires an expenditure of funds in excess of the amount of funds awarded under this Contract. If, at any time, the Contractor has reason to believe that the total amount required for performance of this Contract or a specific activity conducted under this Contract would be greater than the amount of funds awarded under this Contract, the Contractor shall provide reasonable notice to the appropriate Secretary. If the appropriate Secretary does not take such action as may be necessary to increase the amount of funds awarded under this Contract, the Contractor may suspend performance of the Contract until such time as additional funds are awarded.

This document is proprietary, confidential, and trade-secret information of the M3 Indian tribal organization and the M3 trust. It may not be duplicated or distributed without express, written permission of the M3 Indian tribal organization and the M3 trust.

"(6) PAYMENT.—
"(A) In general.—Payments to the Contractor under this Contract shall—
"(i)
be made as expeditiously as practicable; and
"(ii)
include financial arrangements to cover funding during periods covered by joint resolutions adopted by Congress making continuing appropriations, to the extent permitted by such resolutions.

"(B) Quarterly, semiannual, lump-sum, and other methods of payment.—

"(B) Quarterly, semiannual, lump-sum, and other methods of payment.—
"(i) In general. —
Pursuant to section 108(b) of the Indian Self-Determination and Education Assistance Act, and notwithstanding any other provision of law, for each fiscal year covered by this Contract, the Secretary shall make available to the Contractor the funds specified for the fiscal year under the annual funding agreement incorporated by reference pursuant to subsection (f)(2) by paying to the Contractor, on a quarterly basis, one-quarter of the total amount provided for in the annual funding agreement for that fiscal year, in a lump-sum payment or as semiannual payments, or any other method of payment authorized by law, in accordance with such method as may be requested by the Contractor and specified in the annual funding agreement.

"(ii) Method of quarterly payment.—
If quarterly payments are specified in the annual funding agreement incorporated by reference pursuant to subsection (f)(2), each quarterly payment made pursuant to clause (i) shall be made on the first day of each quarter of the fiscal year, except that in any case in which the Contract year coincides with the Federal fiscal year, payment for the first quarter shall be made not later than the date that is 10 calendar days after the date on which the Office of Management and Budget apportions the appropriations for the fiscal year for the programs, services, functions, and activities subject to this Contract.

"(iii) Applicability.—
Chapter 39 of title 31, United States Code, shall apply to the payment of funds due under this Contract and the annual funding agreement referred to in clause (i).

"(7) RECORDS AND MONITORING.—
"(A) In general.—
Except for previously provided copies of tribal records that the Secretary demonstrates are clearly required to be maintained as part of the recordkeeping system of the Department of the Interior or the Department of Health and Human Services (or both), records of the Contractor shall not be considered Federal records for purposes of chapter 5 of title 5, United States Code.

This document is proprietary, confidential, and trade-secret information of the M3 Indian tribal organization and the M3 trust. It may not be duplicated or distributed without express, written permission of the M3 Indian tribal organization and the M3 trust.

"(B)Recordkeeping system.—
The Contractor shall maintain a recordkeeping system and, upon reasonable advance request, provide reasonable access to such records to the Secretary.

"(C)Responsibilities of contractor. —The Contractor shall be responsible for managing the day-to-day operations conducted under this Contract and for monitoring activities conducted under this Contract to ensure compliance with the Contract and applicable Federal requirements. With respect to the monitoring activities of the Secretary, the routine monitoring visits shall be limited to not more than two performance monitoring visits for this Contract by the head of each operating division, departmental bureau, or departmental agency, or duly authorized representative of such head unless—

"(i)
the Contractor agrees to one or more additional visits; or

"(ii)
the appropriate official determines that there is reasonable cause to believe that grounds for reassumption of the Contract, suspension of Contract payments, or other serious Contract performance deficiency may exist.

No additional visit referred to in clause (ii) shall be made until such time as reasonable advance notice that includes a description of the nature of the problem that requires the additional visit has been given to the Contractor.

"(8)PROPERTY.—
"(A)In general.—
As provided in section 105(f) of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450j(f)),[1] at the request of the Contractor, the Secretary may make available, or transfer to the Contractor, all reasonably divisible real property, facilities, equipment, and personal property that the Secretary has used to provide or administer the programs, services, functions, and activities covered by this Contract. A mutually agreed upon list specifying the property, facilities, and equipment so furnished shall also be prepared by the Secretary, with the concurrence of the Contractor, and periodically revised by the Secretary, with the concurrence of the Contractor.

"(B)Records.—
The Contractor shall maintain a record of all property referred to in subparagraph (A) or other property acquired by the Contractor under section 105(f)(2)(A) of such Act for purposes of replacement.

4

This document is proprietary, confidential, and trade-secret information of the M3 Indian tribal organization and the M3 trust. It may not be duplicated or distributed without express, written permission of the M3 Indian tribal organization and the M3 trust.

**"(C)Joint use agreements.—**
Upon the request of the Contractor, the Secretary and the Contractor shall enter into a separate joint use agreement to address the shared use by the parties of real or personal property that is not reasonably divisible.

**"(D)Acquisition of property.—**
The Contractor is granted the authority to acquire such excess property as the Contractor may determine to be appropriate in the judgment of the Contractor to support the programs, services, functions, and activities operated pursuant to this Contract.

**"(E)Confiscated or excess property.—**
The Secretary shall assist the Contractor in obtaining such confiscated or excess property as may become available to tribes, tribal organizations, or local governments.

**"(F)Screener identification card.—**
A screener identification card (General Services Administration form numbered 2946) shall be issued to the Contractor not later than the effective date of this Contract. The designated official shall, upon request, assist the Contractor in securing the use of the card.

**"(G)Capital equipment.—**
The Contractor shall determine the capital equipment, leases, rentals, property, or services the Contractor requires to perform the obligations of the Contractor under this subsection, and shall acquire and maintain records of such capital equipment, property rentals, leases, property, or services through applicable procurement procedures of the Contractor.

**"(9)AVAILABILITY OF FUNDS.—**Notwithstanding any other provision of law, any funds provided under this Contract—

**"(A)**
shall remain available until expended; and

**"(B)**with respect to such funds, no further—

**"(i)**
approval by the Secretary, or

**"(ii)**
justifying documentation from the Contractor,

shall be required prior to the expenditure of such funds.

**"(10)TRANSPORTATION.—**
Beginning on the effective date of this Contract, the Secretary shall authorize the Contractor to obtain interagency motor pool vehicles and related services for performance of any activities carried out under this Contract.

This document is proprietary, confidential, and trade-secret information of the M3 Indian tribal organization and the M3 trust. It may not be duplicated or distributed without express, written permission of the M3 Indian tribal organization and the M3 trust.

### "(11) FEDERAL PROGRAM GUIDELINES, MANUALS, OR POLICY DIRECTIVES.—

Except as specifically provided in the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450 et seq.)[1] the Contractor is not required to abide by program guidelines, manuals, or policy directives of the Secretary, unless otherwise agreed to by the Contractor and the Secretary, or otherwise required by law.

### "(12) DISPUTES.—

"(A) Third-party mediation defined. —
For the purposes of this Contract, the term 'third-party mediation' means a form of mediation whereby the Secretary and the Contractor nominate a third party who is not employed by or significantly involved with the Secretary of the Interior, the Secretary of Health and Human Services, or the Contractor, to serve as a third-party mediator to mediate disputes under this Contract.

"(B) Alternative procedures.—In addition to, or as an alternative to, remedies and procedures prescribed by section 110 of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450m–1),[1] the parties to this Contract may jointly—

"(i)
submit disputes under this Contract to third-party mediation;

"(ii)
submit the dispute to the adjudicatory body of the Contractor, including the tribal court of the Contractor;

"(iii)
submit the dispute to mediation processes provided for under the laws, policies, or procedures of the Contractor; or

"(iv)
use the administrative dispute resolution processes authorized in subchapter IV of chapter 5 of title 5, United States Code.

"(C) Effect of decisions.—
The Secretary shall be bound by decisions made pursuant to the processes set forth in subparagraph (B), except that the Secretary shall not be bound by any decision that significantly conflicts with the interests of Indians or the United States.

6

This document is proprietary, confidential, and trade-secret information of the M3 Indian tribal organization and the M3 trust. It may not be duplicated or distributed without express, written permission of the M3 Indian tribal organization and the M3 trust.

**"(13) ADMINISTRATIVE PROCEDURES OF CONTRACTOR.—**
Pursuant to the Indian Civil Rights Act of 1968 (25 U.S.C. 1301 et seq.), the laws, policies, and procedures of the Contractor shall provide for administrative due process (or the equivalent of administrative due process) with respect to programs, services, functions, and activities that are provided by the Contractor pursuant to this Contract.

**"(14) SUCCESSOR ANNUAL FUNDING AGREEMENT.—**

**"(A) In general.—**
Negotiations for a successor annual funding agreement, provided for in subsection (f)(2), shall begin not later than 120 days prior to the conclusion of the preceding annual funding agreement. Except as provided in section 105(c)(2) of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 450j(c)(2)) [1] the funding for each such successor annual funding agreement shall only be reduced pursuant to section 106(b) of such Act (25 U.S.C. 450j–1(b)).[1]

**"(B) Information.—**
The Secretary shall prepare and supply relevant information, and promptly comply with any request by the Contractor for information that the Contractor reasonably needs to determine the amount of funds that may be available for a successor annual funding agreement, as provided for in subsection (f)(2) of this Contract.

**"(15) CONTRACT REQUIREMENTS; APPROVAL BY SECRETARY.—**

**"(A) In general.—**
Except as provided in subparagraph (B), for the term of the Contract, section 2103 of the Revised Statutes (25 U.S.C. 81), section 16 of the Act of June 18, 1934 (48 Stat. 987, chapter 576; 25 U.S.C. 476),[1] and the Act of July 3, 1952 (25 U.S.C. 82a), shall not apply to any contract entered into in connection with this Contract.

**"(B) Requirements.—**Each Contract entered into by the Contractor with a third party in connection with performing the obligations of the Contractor under this Contract shall—

**"(i)**
be in writing;

**"(ii)**
identify the interested parties, the authorities of such parties, and purposes of the Contract;

**"(iii)**
state the work to be performed under the Contract; and

**"(iv)**
state the process for making any claim, the payments to be made, and the terms of the Contract, which shall be fixed.

7

This document is proprietary, confidential, and trade-secret information of the M3 Indian tribal organization and the M3 trust. It may not be duplicated or distributed without express, written permission of the M3 Indian tribal organization and the M3 trust.

### "(c) OBLIGATION OF THE CONTRACTOR.—

#### "(1) CONTRACT PERFORMANCE.—

Except as provided in subsection (d)(2), the Contractor shall perform the programs, services, functions, and activities as provided in the annual funding agreement under subsection (f)(2) of this Contract.

#### "(2) AMOUNT OF FUNDS.—

The total amount of funds to be paid under this Contract pursuant to section 106(a) shall be determined in an annual funding agreement entered into between the Secretary and the Contractor, which shall be incorporated into this Contract.

#### "(3) CONTRACTED PROGRAMS.—

Subject to the availability of appropriated funds, the Contractor shall administer the programs, services, functions, and activities identified in this Contract and funded through the annual funding agreement under subsection (f)(2).

#### "(4) TRUST SERVICES FOR INDIVIDUAL INDIANS.—

"(A) In general.—

To the extent that the annual funding agreement provides funding for the delivery of trust services to individual Indians that have been provided by the Secretary, the Contractor shall maintain at least the same level of service as the Secretary provided for such individual Indians, subject to the availability of appropriated funds for such services.

"(B) Trust services to individual indians.—

For the purposes of this paragraph only, the term 'trust services for individual Indians' means only those services that pertain to land or financial management connected to individually held allotments.

#### "(5) FAIR AND UNIFORM SERVICES.—

The Contractor shall provide services under this Contract in a fair and uniform manner and shall provide access to an administrative or judicial body empowered to adjudicate or otherwise resolve complaints, claims, and grievances brought by program beneficiaries against the Contractor arising out of the performance of the Contract.

### "(d) OBLIGATION OF THE UNITED STATES.—

#### "(1) TRUST RESPONSIBILITY.—

"(A) In general.—

The United States reaffirms the trust responsibility of the United States to the _____ Indian tribe(s) to protect and conserve the trust resources of the Indian tribe(s) and the trust resources of individual Indians.

"(B) Construction of contract.—

8

This document is proprietary, confidential, and trade-secret information of the M3 Indian tribal organization and the M3 trust. It may not be duplicated or distributed without express, written permission of the M3 Indian tribal organization and the M3 trust.

Nothing in this Contract may be construed to terminate, waive, modify, or reduce the trust responsibility of the United States to the tribe(s) or individual Indians. The Secretary shall act in good faith in upholding such trust responsibility.

"(2)GOOD FAITH.—
To the extent that health programs are included in this Contract, and within available funds, the Secretary shall act in good faith in cooperating with the Contractor to achieve the goals set forth in the Indian Health Care Improvement Act (25 U.S.C. 1601 et seq.).

"(3)PROGRAMS RETAINED.—
As specified in the annual funding agreement, the United States hereby retains the programs, services, functions, and activities with respect to the tribe(s) that are not specifically assumed by the Contractor in the annual funding agreement under subsection (f)(2).

"(e)OTHER PROVISIONS.—
"(1)DESIGNATED OFFICIALS.—
Not later than the effective date of this Contract, the United States shall provide to the Contractor, and the Contractor shall provide to the United States, a written designation of a senior official to serve as a representative for notices, proposed amendments to the Contract, and other purposes for this Contract.

"(2)CONTRACT MODIFICATIONS OR AMENDMENT.—
"(A)In general.—
Except as provided in subparagraph (B), no modification to this Contract shall take effect unless such modification is made in the form of a written amendment to the Contract, and the Contractor and the Secretary provide written consent for the modification.

"(B)Exception.—
The addition of supplemental funds for programs, functions, and activities (or portions thereof) already included in the annual funding agreement under subsection (f)(2), and the reduction of funds pursuant to section 106(b)(2), shall not be subject to subparagraph (A).

"(3)OFFICIALS NOT TO BENEFIT.—
No Member of Congress, or resident commissioner, shall be admitted to any share or part of any contract executed pursuant to this Contract, or to any benefit that may arise from such contract. This paragraph may not be construed to apply to any contract with a third party entered into under this Contract if such contract is made with a corporation for the general benefit of the corporation.

"(4)COVENANT AGAINST CONTINGENT FEES.—
The parties warrant that no person or selling agency has been employed or retained to solicit or secure any contract executed pursuant to this Contract upon an agreement or understanding

This document is proprietary, confidential, and trade-secret information of the M3 Indian tribal organization and the M3 trust. It may not be duplicated or distributed without express, written permission of the M3 Indian tribal organization and the M3 trust.

for a commission, percentage, brokerage, or contingent fee, excepting bona fide employees or bona fide established commercial or selling agencies maintained by the Contractor for the purpose of securing business.

"(f) ATTACHMENTS.—

"(1) APPROVAL OF CONTRACT.—
Unless previously furnished to the Secretary, the resolution of the M3 Indian tribe(s) authorizing the contracting of the programs, services, functions, and activities identified in this Contract is attached to this Contract as attachment 1.

"(2) ANNUAL FUNDING AGREEMENT.—

"(A) In general.—The annual funding agreement under this Contract shall only contain—

"(i)
terms that identify the programs, services, functions, and activities to be performed or administered, the general budget category assigned, the funds to be provided, and the time and method of payment; and

"(ii)
subject to subsections (a) and (b) of section 102 of the Indian Self-Determination and Education Assistance Act (25 U.S.C. 5321), such other provisions, including a brief description of the programs, services, functions, and activities to be performed (including those supported by financial resources other than those provided by the Secretary), to which the parties agree.

"(B) Incorporation by reference.= M3 Tribal Organization
The annual funding agreement is hereby incorporated in its entirety in this Contract and attached to this Contract as attachment 2."

**SECOND:** 25 U.S. Code Chapter 1 - BUREAU OF INDIAN AFFAIRS

Bureau meaning an office or department for transacting particular business or a government department of Indians any natural person of the who is a member of any Indian Tribe such as M3 tribal community or any band, group, pueblo or community for the members of which the United States holds land in trust and with respect to the inheritance and ownership of trust and restricted State of California pursuant to 25 U.S. Code § 2206 = Descent the origin or background of a person in terms of family or nationality and distribution and the regulations promulgated thereunder; and with respect to the inheritance and ownership of trust or restricted land in the State of California section 2206 of this title, any person described in subparagraph (A) or (B) or any person who owns a trust or restricted interest in a parcel of such land in that State.[2]